The Honorable Bobby Newman State Representative P.O. Box 52 Smackover, Arkansas 71762-0052
Dear Representative Newman:
This official Attorney General opinion is rendered in response to questions you have raised concerning the Liquefied Petroleum Gas Board.
You have asked:
 (1) Does the Arkansas Liquefied Petroleum Gas Board have the authority by administrative regulation to limit a liquefied gas dealer to only one expansion of the area of operation for which the dealer was initially issued a permit?
 (2) Does the board have the authority by administrative regulation to prescribe a specific limit on the size of the area of operation for which an initial permit will be issued and a specific limit on the size of the total area of operation which will be authorized, including the one-time expansion?
RESPONSE
Question 1 — Does the Arkansas Liquefied Petroleum Gas Board have theauthority by administrative regulation to limit a liquefied gas dealer toonly one expansion of the area of operation for which the dealer wasinitially issued a permit?
It is my opinion that the Arkansas Liquefied Petroleum Gas Board does have the authority by administrative regulation to limit a liquefied gas dealer to only one expansion of the area of operation for which the dealer was initially issued a permit.
The board's rule-making authority is set forth in A.C.A. § 15-75-207, as follows:
15-75-207. Rules and regulations.
 (a) The Liquefied Petroleum Gas Board is empowered to make reasonable rules and regulations to carry out the provisions of this subchapter. Such rules and regulations shall have the force and effect of law.
 (b) In addition to the functions, powers, and duties conferred and imposed upon the board by this subchapter, and the regulation of its own procedure and carrying out its functions, powers, and duties, it shall have the authority from time to time to make, amend, and enforce all reasonable rules and regulations not inconsistent with law, which will aid in the performance of any of the functions, powers, or duties conferred or imposed upon it by law.
 (c) All permanent rules and regulations promulgated for the regulation of liquefied petroleum gases as published in the state code governing liquefied petroleum gas containers and equipment dated May 1, 1964, shall remain in full force and effect until changed, altered, amended, or abolished by the board.
A.C.A. § 15-75-207.
The limitations on the board's rule-making authority are that the rules must be consistent with law, and must aid in the performance of the functions, powers, or duties that are conferred upon the board by state law.
One of the duties conferred upon the board by state law is the issuance of permits. See A.C.A. § 15-75-301 through 323. State law specifically confers upon the board the authority to grant expansions of the area of operation for which a permit was originally granted. This authority is conferred by A.C.A. § 15-75-320(e), which states: "Any dealer desiring to enlarge or expand a liquefied petroleum gas area of operation beyond that designated and authorized by a current permit shall first obtain approval from the board." This provision does not address the question of how many expansions may be granted. Because the legislature was silent on this issue, and because it also granted the board very broad rule-making authority (see A.C.A. § 15-75-207, quoted above), I conclude that the legislature intended to leave the determination of the number of allowable expansions for the board to address in carrying out its rule-making authority. A rule limiting the number of allowable expansions to one is both consistent with state law and aids the board in carrying out the responsibility of granting permits which is conferred upon it by state law. Such a rule, therefore, is well within the limitations on the board's rule-making authority, as stated in A.C.A. § 15-75-207.
Question 2 — Does the board have the authority by administrativeregulation to prescribe a specific limit on the size of the area ofoperation for which an initial permit will be issued and a specific limiton the size of the total area of operation which will be authorized,including the one-time expansion?
It is my opinion that the board has the authority by administrative regulation to prescribe a specific limit on the size of the area of operation for which a permit is issued, including a one-time expansion.
The board's authority to prescribe such a limitation is, in my opinion, directly granted by state law, in A.C.A. §§ 15-75-320(c) and (d), which state:
 (c) Each existing or new permit issued by the board shall designate accurately the area in which the holder may conduct liquefied petroleum gas operations.
 (d) No dealer shall sell or offer for sale liquefied petroleum gas or conduct liquefied petroleum gas operations of any type in any area or location not shown on and authorized by a current permit.
A.C.A. § 15-75-320(c) and (d).
The above-quoted statutory sections grant the board the authority to designate the area in which a permit holder may operate. This provision does not specifically address the question of area size. For this reason, and in light of both the authority of the board to designate the area, and the board's broad rule-making authority, I conclude that the legislature clearly intended to leave the determination of the area size to the discretion of the board. A regulation limiting the area of operation in this manner would be within the limitations upon the board's rule-making authority, as stated in A.C.A. § 15-75-207.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh